IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-587-MEF |
| | ) | |
| THOMAS M. KAHN | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 23, 2008, Plaintiff Gene Coggins, a frequent *pro se* litigant[1] in this Court,

brought suit against Thomas M. Kahn ("Kahn"), the Clerk of the United States Court of

Appeals for the Eleventh Circuit.  Along with the Complaint (Doc. # 1),[2] Coggins filed an

Motion to Appear in Forma Pauperis (Doc. # 2), and a Motion to Use the Appendix System

(Doc. # 3).[3]  For purposes of this Memorandum Opinion and Order, the Court assumes,

---

[1]  Including this case, it appears that Coggins has filed thirty-seven lawsuits in this
Court since 1992.  All but seven of those suits have been filed in the past five years.  Sixteen
of the cases have been filed in 2008.

[2]  Coggins has labeled his initial filing as "Complaint and Motion for Civil Rights
Violations."  The Court will refer to this document simply as the Complaint.

[3]  In this motion, Coggins purports to seek leave to use "the Appendix System, where
oral argument is not desires[sic], and the case is presented in motions and briefs.  According
to and in[sic] pursuant to Federal Rule 34(A), and Blacks[sic] Law Dictionary[.]" (Doc. #3).
Rule 34(a) of the Federal Rules of Civil Procedure pertains to discovery requests and makes
no reference whatsoever to any "Appendix System."  Coggins states that he does not desire
oral argument on the issues in this case.  It is possible then that he is attempting to argue
pursuant to the Federal Rule of Appellate Procedure 34(a) that oral argument is not necessary
in this case.  The Court notes that the Federal Rules of Appellate Procedure are not
applicable to this Court; they govern procedural events during appeals to the Circuit Courts

*without deciding*, that Coggins satisfies the economic eligibility criterion for proceeding *in forma pauperis* under 28 U.S.C. § 1915(a).

## SUMMARY OF ALLEGATIONS

By bringing this lawsuit, Coggins demands judgment in the amount $1,000,000.00 from Kahn.  He does not seek either declaratory or injunctive relief.  He alleges that Kahn denied him due process of law in violation of Coggins' rights under the United States Constitution.  Specifically, Coggins faults Kahn for the following: (1) stalling [presumably the progress of one or more of Coggins' many lawsuits, presumably during the course of his appeals]; (2) denying him what Coggins contends is a guaranteed constitutional right to proceed *in forma pauperis* without any prepayment of any kind to any court; (3) disrespecting unspecified guaranteed constitutional rights through issuing documents while acting as Clerk of the Court of the Eleventh Circuit Court of Appeals; (4) discriminating against the poor by denying Coggins the ability to proceed with his appeal without prepayment of fees as a result of a screening process; (5) breaking his oath of office and engaging in intentional fraud, perjury, and violations of Coggins' constitutional rights directly or in association with others [presumably the judges of the United States District Court for the Middle District of Alabama]; (6) improperly signing documents with illegal signatures; (7) denying him his constitutionally protected right to have his case heard in court and what he contends is his

---

of Appeals.  Moreover, this Court has the discretion to require litigants to appear for oral argument of any motion.  Thus, Coggins' Motion to Use the Appendix System (Doc. # 3) is due to be DENIED.

right to a speedy trial[4]; and (8) causing Coggins legal damages by wrongful acts.

## DISCUSSION

Upon review of the complaint filed in this case, the Court concludes that dismissal of the Complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. June 16, 1981).[5]  *See also, Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

Quasi-judicial immunity bars Coggins' claims against Kahn. Quasi-judicial immunity

---

[4]  All cases involving Coggins are civil rather than criminal.  Neither the federal law regarding speedy trial rights, nor the speedy trial provisions of the United States Constitution are applicable to civil cases.

[5]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

extends to those servants and agents who facilitate the judicial process. *See, e.g., Kipkirwa v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 145 F.3d 1338 (9th Cir. 1998) (affirming dismissal of claims against federal judges and clerks on the grounds of absolute judicial immunity and quasi-judicial immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2nd Cir. 1997) (extending judicial immunity to clerks of the court for tasks which are judicial in nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981), *cert.* denied, 459 U.S. 840 (1982); *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687 at *1-*2 (S.D. Fla. Feb. 25, 2008) (dismissing claims against Clerk of the Court, judges, and the federal district court itself pursuant to 28 U.S.C. § 1915(e)); *Hanner v. U.S. Gov't*, 660 F. Supp. 77, 78 (S.D. Miss. 1986) (recognizing that clerk has quasi-judicial immunity from suit); *Anderson v. United States of America*, No. 90-2638-LFO, 1990 WL 183514 at *1 (D.D.C. Nov. 13, 1990) (dismissing claim against clerk of the court for failure to serve *in forma pauperis* complaint). Thus, the claims against Kahn, the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit must be dismissed because they are also frivolous and based on an indisputably meritless legal theory.

As set out above, the Court finds that all of Coggins' claims in this action: (1) are

frivolous or malicious;[6] (2) fail to state any claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.   Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives.  That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  Thus, the Court must and will dismiss Coggins' claims as set forth in the Complaint in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Even assuming *arguendo* that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. # 2) is due to be GRANTED to the extent that Plaintiff Gene Coggins' Complaint could be filed without the prepayment of fees, Plaintiff Gene Coggins' Complaint is hereby DISMISSED prior to service on Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

2.  The Motion to Use the Appendix System (Doc. # 3) is DENIED as it is without merit.  In the alternative, this motion is DENIED as MOOT.

3.  An appropriate judgment will be entered consistent with this Memorandum

---

[6]  The Court finds that Coggins' claims in this action are frivolous.  The Court also suspects that the manifest purpose of Coggins' compliant is not to rectify any cognizable harm, but only to harass Kahn because Coggins disagrees with the way in which Kahn has carried out his duties as an official of a federal court.  It is worth noting that in similar circumstances some courts have also characterized such claims as malicious.  *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")

Opinion and Order.

DONE this the 11th day of August, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE